CAMPBELL, Acting Chief Judge.
Appellant, Walter John Zile, challenges his judgment and sentence for one count of first-degree murder and three separate and distinct counts of aggravated child abuse. We affirm.
The charges against appellant arose from the beatings of his seven-year-old stepdaughter, Christina Holt, which resulted in her death. Appellant was tried in the Circuit Court of the Tenth Judicial Circuit in Polk County after a change of venue from the Circuit Court of Palm Beach County. Appellant’s wife and Christina’s mother, Pauline Zile, were charged jointly with appellant. Their cases were subsequently severed for trial and Pauline Zile was tried and convicted in Palm Beach County on the same offenses for which appellant was convicted in Polk County. The evidence presented in both trials was essentially the same. Pauline Zile’s convictions and sentences (with the exception of one count of aggravated child abuse that is not pertinent to appellant in this appeal) were affirmed on appeal by the Fourth District Court of Appeal. See Zile v. State, 710 So.2d 729 (Fla. 4th DCA 1998). The information and relevant facts presented in both appellant’s and Mrs. Zile’s trial are for the purposes of this appeal adequately set forth in the Fourth District’s opinion in Zile, and, therefore, we decline the opportunity to further elaborate them.
Appellant raises seven issues in this appeal. Two of these issues challenge the sufficiency of the evidence to support appellant’s convictions, one challenges several evidentiary rulings by the trial judge that were admittedly discretionary, and a fourth challenges whether the evidence was sufficient to support each of the three counts of aggravated child abuse and the first-degree murder charge without violating the double jeopardy rule that prohibits dual convictions for the same offense predicated on identical underlying facts. We find no merit in any of these four issues and decline to discuss them further.
Appellant raises a fifth issue directed at the trial judge’s denial of a request for a special jury instruction on the issue of the intent necessary to convict appellant of aggravated child abuse. The trial judge gave the jury the standard jury instruction on aggravated child abuse. In doing so, he defined for the jury the terms “wilfully” and “maliciously.” Appellant has not demonstrated that the instructions given by the trial judge were inadequate and we therefore find no merit in this issue.
A sixth issue raised by appellant challenges the trial judge’s denial of appellant’s request to present expert testimony to the effect that his conduct after Christina’s death was the result of appellant’s post-traumatic stress disorder resulting from the child’s death at his hands. After Christina died, appellant did not notify the authorities because of his concern over the bruises on her body. The next day, appellant wrapped Christina’s body in a blanket and hid it in a closet for several days in order that the other children in the home would not discover her. He instigated a missing child report and a public plea *537 claiming Christina had been kidnaped. He purchased a shovel, tarpaulin, and other items in order to bury her body. He wrapped the body, secured it with duct tape, dug a hole, and buried it in a place he had previously chosen. He disposed of the shovel by throwing it off a bridge. The trial court’s refusal to allow the expert testimony on the issue for which it was offered was an act of discretion which we conclude was not abused. We agree with the trial judge that the expert testimony of any acute stress disorder suffered by appellant as a result of his having killed Christina was not relevant to assist the jury in understanding the evidence of how or why he affected her death.
The seventh and final issue raised by appellant challenges the trial court’s denial of appellant’s mid-trial motion to discharge his court-appointed “lead” co-counsel. Appellant did not request to be allowed to represent himself, and did not request the discharge of his other co-counsel. Instead, he requested that the trial judge appoint substitute “lead” co-counsel. Appellant’s trial began on October 15, 1996, and ended on November 18, 1996. On November 4, 1996, appellant moved to discharge co-counsel. His motion was made on the basis of an alleged letter (the letter is not in our record, although its existence is not disputed) that a reporter wrote the prosecuting attorney concerning alleged statements made by the “lead” co-counsel that appellant stated he felt could have compromised his ease. At one point, after filing the motion, appellant stated he would withdraw his motion to discharge if the jury was polled and determined to be unaware of counsel’s alleged statements. However, after the jury was polled and it was determined that no member of the jury was aware of counsel’s alleged statements, appellant refused to withdraw his motion. Appellant never explained his motion to discharge on the basis of a lack of confidence in counsel or on allegations of counsel’s competence. Neither did appellant offer to waive any double jeopardy claims that could result from any mistrial that might be necessitated by the appointment of a substitute “lead” co-counsel. The trial judge did not err in denying appellant’s motion to discharge co-counsel.
Appellant’s convictions and sentences are affirmed.
FULMER and SALCINES, JJ„ Concur.